UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IHAB GAMIL DIA,<br><br>                    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                    Defendants. | Case No.:  18cv2676-BEN(RBB)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION [ECF NO. 26]; DENYING PLAINTIFF'S REQUEST FOR AN ORDER COMPELLING DEFENDANTS' COUNSEL TO RECUSE [ECF NO. 26]; AND GRANTING IN PART DEFENDANTS' REQUEST TO CONTINUE DEADLINES [ECF NO. 28];**<br><br>**AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

On February 6, 2020, Plaintiff Ihab Gamil Dia, proceeding in pro se, submitted a letter that did not conform to the local rules of the court [ECF No. 26]. Nevertheless, on May 19, 2020, the court approved the filing of the letter and construed it as a motion for extension, nunc pro tunc, to February 6, 2020. (Not. Doc. Discrepancies 1, ECF No. 27.) Plaintiff's letter seeks an extension of the deadlines in this case for one to two years for

health reasons and to familiarize himself with legal and procedural guidelines.  (Pl.'s Mot. Ext. 1-2, ECF No. 26.)  Plaintiff's letter also requests that the court not require him to sit for his deposition while he is "under the influence of psychotropic medications" prescribed to him at the George F. Bailey Detention Facility, where he is currently incarcerated, and that the court compel Defendants' counsel, Ronald Lenert, Esq., to recuse himself from the case.  (Id. at 1.)

On May 27, 2020, Defendants County of San Diego, Sean Gallagher, and Jason Ferguson filed a request to continue deadlines in which they seek an eight-month extension of the deadlines set forth in the scheduling order issued on May 16, 2019 [ECF No. 14].  (Defs.' Req. Cont. Deadlines 1-4, ECF No. 28.)  Defendants also contend that there is no justification for counsel's recusal.  (Id. at 5-6.)  On June 10, 2020, Plaintiff submitted a supplemental letter in which he states that he will be released from custody on July 22, 2020, and modifies his request for an extension of deadlines to one year from his release date.  (Pl.'s Supp. Doc. 1, ECF No. 29.)  Plaintiff also claims that he has been unable to use the law library while incarcerated.  (Id.)  Defendants filed a reply in support of their request to continue dates on June 12, 2020, in which they reiterate their request for an eight-month extension of deadlines.  (Defs.' Reply 1-3, ECF No. 30.)

**A.      Parties' Requests to Continue Deadlines and Amended Schedule**

Having carefully considered the parties' positions, and after conferring with the chambers of the Honorable Roger T. Benitez, the Court finds that although good cause exists to extend the deadlines set forth in the scheduling order issued on May 16, 2019 [ECF No. 14], neither an extension of eight months nor of one year is warranted.  Plaintiff states that he will no longer be incarcerated as of July 22, 2020.  (Pl.'s Supp. Doc. 1, ECF No. 29.)  Plaintiff's release from custody will render his claimed inabilities to sit for his deposition and to conduct legal research moot.  Plaintiff's motion for an extension and Defendants' request to continue deadlines are accordingly **GRANTED IN PART** and the Court hereby issues the following amended schedule:

///

1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **August 28, 2020**.

2. All fact discovery shall be completed by all parties by **November 6, 2020**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.  **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Civil Local Rule 26.1(a).**  The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.  If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules.  **A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

3. All motions for discovery shall be filed no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred. The 30-day deadline will not be extended without a prior Court order; counsel cannot unilaterally extend the deadline.  For example, ongoing meet-and-confer efforts, rolling document productions, or supplemental discovery responses do not extend the deadline. A failure to comply will bar the party from filing a corresponding discovery motion.  For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition.  For written discovery, the event giving rise to the discovery dispute is the service of the response.  All interrogatories, requests for admission, and document production requests must be served by **September 4, 2020**.

/ / /

  4. Plaintiff's deposition must be taken by no later than **August 21, 2020**.

  5. The parties shall designate their respective experts in writing by **September 4, 2020**. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **September 18, 2020**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

  6. By **October 2, 2020**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).**

  7. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rules of Civil Procedure 26(a)(2)(D) and 26(e) by **October 16, 2020**.

  8. All expert discovery shall be completed by all parties by **November 6, 2020**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

///

9. All other pretrial motions must be filed by **November 13, 2020**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Deadlines for filing motions in limine will be set by the district judge at the final Pretrial Conference.

10. When filing a Motion for Summary Judgment and/or Adjudication, the parties need not file a separate statement of material facts absent prior leave of court.

11. A telephonic attorneys-only settlement conference is set for **August 12, 2020**, at **8:30 a.m.** before Magistrate Judge Brooks. Further settlement conferences shall be held at appropriate intervals during the course of the litigation before Judge Brooks. A mandatory settlement conference date will be set at one of the scheduled settlement conferences. If appropriate, the Court will consider the use of other alternative dispute resolution techniques.

12. For bench trials before the Honorable Roger T. Benitez, counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Civil Local Rule 16.1(f)(2) by **February 16, 2021**. In jury trial cases before the Honorable Roger T. Benitez, neither party, unless otherwise ordered by the Court, is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1(f)(2).

13. Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **February 16, 2021**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

14. Counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4) by **February 22, 2021**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.

Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

15. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **March 1, 2021**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

16. The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **March 8, 2021**, and shall be in the form prescribed in and comply with Civil Local Rule 16.1(f)(6).

17. The final Pretrial Conference is scheduled on the calendar of the **Honorable Roger T. Benitez** on **March 15, 2021** at **10:30 a.m.**

18. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

19. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

20. The dates and times set forth herein will not be modified except for good cause shown.

21. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

**22.     The parties should not expect to receive any further continuances of the schedule absent extraordinary circumstances.  Plaintiff is warned that in the event he is not released from custody, he will still be required to litigate his case while incarcerated.  Incarceration alone does not constitute good cause for an extension of court deadlines.**

B.     <u>**Plaintiff's Request for the Court to Compel Defendants' Counsel to Recuse**</u>

There is no factual information before the Court under penalty of perjury that Defendants' counsel, Mr. Lenert, has failed to follow legal procedure or respond to Plaintiff's former counsel or Plaintiff in a timely fashion.  (<u>See</u> Pl.'s Mot. Ext. 1, ECF No. 26.)  Accordingly, there is no basis to warrant Mr. Lenert's recusal in this matter.  Plaintiff's request for an order compelling Mr. Lenert to recuse from this case is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated:  June 18, 2020

Hon. Ruben B. Brooks
United States Magistrate Judge