UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IHAB GAMIL DIA,<br><br>                    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                    Defendants. | Case No.:  18cv2676-BEN(RBB)<br><br>**REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS [ECF NO. 33]** |

On July 28, 2020, Defendants County of San Diego, Sean Gallagher, and Jason Ferguson filed a motion to dismiss in which they seek the imposition of terminating sanctions against Plaintiff Ihab Gamil Dia because of Dia's failure to comply with court orders and prosecute his case [ECF No. 33].  On July 30, 2020, the Honorable Roger T. Benitez referred Defendants' motion to Magistrate Judge Ruben B. Brooks for a report and recommendation [ECF No. 34].  On August 4, 2020, this Court issued an order requiring the submission of an opposition and a reply brief by August 25 and September 1, 2020, respectively [ECF No. 35].  Plaintiff did not file an opposition and Defendants did not file a reply.

For the reasons set forth below, this Court recommends that Defendants' motion to dismiss be **DENIED**.

1

## I. BACKGROUND

Dia initiated this action on November 26, 2018, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 [ECF No. 1]. He alleges that Defendants Gallagher and Ferguson, Deputy Sheriffs with the San Diego County Sheriff's Department, used excessive force and denied him access to medical care during an arrest on December 6, 2016. (Id.) Plaintiff also asserts a claim of municipality liability against Defendant County of San Diego. (Id.) Dia was represented by counsel until August 2, 2019, when Judge Benitez granted Plaintiff's counsel's motion to withdraw [ECF No. 19]. Dia did not obtain new counsel within forty-five days of Judge Benitez's order; therefore, the Court deemed Plaintiff as proceeding pro se. (Order Granting Mot. Withdraw Counsel 2, ECF No. 19.)

On November 13, 2019, Magistrate Judge Brooks held a telephonic settlement conference at which Dia appeared pro se. (Mins., Nov. 13, 2019, ECF No. 23.) Plaintiff informed the Court that he intended to retain new counsel and that he was in custody at the George F. Bailey Detention Facility. (Id.) The Court convened another telephonic conference on January 15, 2020, at which time Dia advised that he intended to proceed pro se and seek an extension of the deadlines in the scheduling order issued on May 16, 2019. (Mins., Jan. 15, 2020, ECF No. 24.) During a telephonic conference held on May 19, 2020, both Plaintiff, who remained in custody, and counsel for Defendants requested an extension of the deadlines in the scheduling order; the Court directed the parties to file a motion to extend dates. (Mins., May 19, 2020, ECF No. 27.) Plaintiff initially asked an extension of one to two years of the scheduling order dates for health reasons and to familiarize himself with legal and procedural guidelines. (Pl.'s Mot. Ext. 1-2, ECF No. 26.) He also requested that the court not compel him to sit for his deposition while he was "under the influence of psychotropic medications" prescribed for him at the Bailey Detention Facility. (Id.) Dia subsequently reported that he would be released from custody on July 22, 2020, and modified his request for an extension to one year from his release date. (Pl.'s Supp. Doc. 1, ECF No. 29.) Defendants sought an eight-month

extension of deadlines, arguing that Plaintiff's "dilatory tactics" had left them unable to take his deposition and conduct other discovery within the deadlines set in the original scheduling order.  (Defs.' Req. Cont. Deadlines 1-4, ECF No. 28.)

On June 18, 2020, this Court, after conferring with Judge Benitez's chambers, found that although good cause existed to extend the scheduling order deadlines, neither an extension of eight months nor of one year was warranted.  (Order Granting in Part Mots. for Exts. 2, ECF No. 31.)  An amended scheduling order was issued that extended the deadlines in the case for approximately six months.  (Id. at 3-6.)  The Court concluded, "Plaintiff's release from custody will render his claimed inabilities to sit for his deposition and to conduct legal research moot[,]" and specifically required that Plaintiff's deposition be taken by August 21, 2020.  (Id. at 2, 4.)[1]  The Court also warned that "[t]he parties should not expect to receive any further continuances of the schedule absent extraordinary circumstances."  (Id. at 7.)

Defendants served a deposition notice on Dia and attempted to take his deposition via Zoom on July 5, 2020.  (Defs.' Mot. Dismiss Attach. #1 Mem. P. & A. 3, ECF No. 33.)  Dia, who was still in custody at Bailey, refused to proceed with the deposition.  (Id. Attach. #4 Not. Lodgment Ex. B. [Dia Dep. (July 5, 2020)], at 9.)  He stated that he was on "heavy medication for psychiatric care" and had been advised by an attorney and a psychiatrist to not sit for a deposition.  (Id. at 8.)  Plaintiff acknowledged receipt of the Court's amended scheduling order which provided the August 21, 2020 deadline for the completion of his deposition.  (Id.)  Notwithstanding his being aware of this deadline, he claimed that he had been advised by psychiatrists and psychologists at Bailey that it would take ninety days for the medications to "come out of [his] system" and that he would not consent to giving a deposition until October or November at the earliest.  (Id.

---

[1] The amended scheduling order also required that written discovery be served by September 4, 2020, expert designations take place by September 4, 2020, fact and expert discovery be completed by November 6, 2020, and pretrial motions be filed by November 13, 2020. (Order Granting in Part Mots. for Exts. 3-5, ECF No. 31.)

at 9, 11-12.) Dia claimed that the medication made him confused, unable to concentrate or focus, and anxious and depressed. (Id. at 8, 9.) On July 16, 2020, Defendants provided medical releases to Plaintiff to allow Defendants to obtain Dia's medical records from the Department of Health and Human Services. (Id. Attach. #1 Mem. P. & A. 4; id. Attach. #6 Not. Lodgment Ex. D [Peñaflor Decl.], at 3. Dia reviewed the releases but refused to sign them. (Id. Attach. #6 Peñaflor Decl. 3.)

On July 28, 2020, Defendants filed their motion to dismiss [ECF No. 33].[2] Defendants move to dismiss Dia's entire action pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2), and 41(b) on the grounds that Dia refuses to comply with court orders and has failed to prosecute his case. (Id. Attach. #1 Mem. P. & A. 1.)

## II.   LEGAL STANDARDS

Rule 16(f) of the Federal Rules of Civil Procedure allows the court, on motion or its own, to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1), (f)(1)(C). Rule 37(b)(2) provides that if a party "fails to obey an order to provide or permit discovery, including an order under [Rule 37(a)], the court . . . may issue further just orders[,]" including the sanction of dismissal. Id. R. 37(b)(2)(A)(v); see also id. R. 37(d)(1)(A) (permitting court to order sanctions if a party fails to attend its own deposition). Under Rule 41(b), "If the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it." Id. R. 41(b). The standards governing dismissal under Rules 41(b),

---

[2] The motion was filed after Dia's release date, but because Dia had not (and still has not) provided an updated address, the motion was sent to Plaintiff's address of record at the Bailey Detention Facility. (Defs.' Mot. Dismiss Attach. #7 Decl. Serv. 1, ECF No. 33.) Orders issued by the Court on August 3, August 4, and August 12, 2020, were also sent to the Bailey Detention Facility [ECF Nos. 34-36]; each were returned via returned mail [ECF Nos. 37-40]. The Court, aware of Dia's anticipated release date of July 22, 2020, directed that its August 4 and August 12, 2020 orders also be sent to Plaintiff's former address of record on Melrose Avenue in Vista, California [ECF Nos. 35-36]. To date, Dia's address of record remains the Bailey Detention Facility because he has not submitted a change of address. The Court is not aware if Plaintiff has received the orders mailed to the Melrose Avenue address.

16(f), and 37(b)(2) are essentially the same. Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (holding that standards for Rules 16(f) and Rule 37(b)(2) are "basically the same"); Price v. McGlathery, 792 F.2d 472, 474 (5th Cir. 1986) (stating that same criteria apply to dismissals under Rules 41(b) and 16(f)).

"Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Malone, 833 F.2d at 130. It is preferred but not required that a district court make explicit findings to show that it has considered these factors. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). These factors "are not a series of conditions precedent before the judge can do anything," but a "way for a district judge to think about what to do." Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a . . . dismissal sanction. Thus[,] the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990); see also Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990).

### III. DISCUSSION

Defendants argue that Dia's behavior warrants terminating sanctions. The Court addresses the five Malone factors below.

**A.     The First Two Dismissal Factors**

The first two dismissal factors under Malone are the public interest in expeditious resolution of litigation and the trial court's interest in docket control. These two factors support dismissal. See Wanderer, 910 F.2d at 656 (stating that the first two Malone factors "favor the imposition of sanctions in most cases").

**B.     Prejudice to Defendants**

The third dismissal factor under Malone is the risk of prejudice to the party seeking sanctions. Defendants argue that "Plaintiff's posturing regarding retaining new counsel has already delayed and harmed Defendants" and that Dia's current claims of "physical and mental ailments now raise the specter of making Defendants wait up to half a year to depose him, if ever, regarding events that would be almost four years old." (Defs.' Mot. Dismiss Attach. #1 Mem. P. & A. 6, ECF No. 33.) Defendants further contend that Plaintiff's refusal to sign medical releases has hampered their ability to independently obtain his complete medical records, which has prejudiced them "from forming an expert strategy and engaging in an Independent Medical Examination" to evaluate Dia's substantial injury claims. (Id. at 7.)

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Adriana, 913 F.2d at 1412; Malone, 833 F.2d at 131. "Delay alone, without a focus on its effects, will not justify dismissal or default." Wanderer, 910 F.2d at 656. The law, however, presumes prejudice from unreasonable delay. In re Eisen, 31 F.3d 1447, 1453 (9th Cir. 1994). "[T]his presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion." Id. The repeated failure of a party to appear for his deposition constitutes a clear interference with the opposing party's ability to litigate and obtain a decision in the case. Wanderer, 910 F.2d at 656 (citation omitted); see also Adriana, 913 F.2d at 1412 (finding prejudice when party repeatedly failed to appear at scheduled depositions).

Here, the June 18, 2020 amended scheduling order required Dia's deposition to be taken by August 21, 2020, and set the remaining deadlines in the case. (Order Granting in Part Mots. for Exts. 4, ECF No. 31.) Despite this, Dia refused to cooperate in the taking of his deposition on July 5, 2020, announced that he would not sit for his deposition until October or November of this year at the earliest, has not sought an

extension of the schedule, and has not provided any substantiation of his alleged medical inability to participate in this case. Dia's refusal to sit for his deposition has unreasonably delayed this litigation and has prejudiced Defendants' ability to timely defend this case.[3] This has created a rebuttable presumption of prejudice that has not been rebutted. The prejudice factor thus weighs in favor of dismissal.

## C.      Fourth Dismissal Factor

The fourth dismissal factor under Malone is the public policy favoring disposition of cases on their merits. This factor generally "cuts against a . . . dismissal sanction." Wanderer, 910 F.2d at 656; see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006). ("We have often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal."). This factor weighs against dismissal.

## D.      Availability of Less Drastic Sanctions

Defendants do not address the fifth Malone factor, the availability of less drastic sanctions, in their motion. "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." United States v. Nat. Med. Enters., Inc., 792 F.2d 906, 912 (9th Cir. 1986). "Alternative sanctions include: 'a warning, a formal reprimand, . . . a fine, the imposition of costs or attorney fees, . . . [or] preclusion of claims or defenses . . . .'" Malone, 833 F.2d at 132 n.1 (citation omitted). The Ninth Circuit has said that this factor "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." Valley Eng'rs, 158 F.3d at 1057; see also Malone, 833 F.2d at 132. It is not always necessary for the court to

---

[3] The Court has not been provided with any information concerning the necessity or scope of the medical releases that Defendants asked Dia to sign on July 16, 2020. Without this information, which would generally come before the Court in connection with a motion to compel discovery, the Court is unable to evaluate the prejudicial effect of Dia's refusal to sign the releases.

impose less serious sanctions first or to give any explicit warning. Adriana, 913 F.2d at 1413. But "[t]he significance of warning is that a sanction may be unfair if the party could not have realized that [he] was in jeopardy of so severe a consequence if [he] was in error regarding [his] discovery posture." Valley Eng'rs, 158 F.2d at 1057.

Plaintiff's noncompliance with the court-ordered deadline for his deposition was not formally brought before the Court until the current motion was filed. The Court, therefore, did not have any previous opportunity to warn Plaintiff of the consequences of failing to sit for his deposition in accordance with the scheduling order or to order that Dia substantiate his claimed medical inability to prosecute his case with documentation. Thus, the Court has not imposed less drastic alternatives or warned Dia that his failure to comply with court orders or to cooperate with discovery could result in dismissal of his case. Dismissal at this juncture would be extreme because Dia may not be aware that he faces dismissal of his case because of his refusal to timely participate in discovery. See Valley Eng'rs, 158 F.2d at 1057.

After reviewing the five Malone factors, the Court concludes that the fifth factor, availability of less drastic sanctions, outweighs the other factors favoring dismissal. Dismissal is not warranted until Plaintiff has been advised that his discovery posture may subject him to dismissal of the entirety of his case. The Court accordingly **RECOMMENDS** that Defendants' motion to dismiss be **DENIED**.

E.      **Warning to Plaintiff**

Notwithstanding the Court's recommendation that Defendants' motion to dismiss be denied, Plaintiff's case is hanging by a thread. Dia cannot continue to disregard the Court's orders and Defendants' efforts to litigate this case. He cannot prosecute this matter on his own schedule. He cannot ignore the deadlines set by the court, fail to comply with the Federal Rules of Civil Procedure and Civil Local Rules, and claim medical inability to proceed with this case without substantiation. Plaintiff is hampered in proceeding with this case without immediately requesting an extension of the deadlines set by the Court and establishing the "extraordinary circumstances" required to establish

good cause for the extension. He must substantiate his past failure to cooperate and prosecute his case, as well as any future inability to proceed, with medical documentation supporting his inability. **Plaintiff is expressly warned that if he continues to fail to comply with the court's orders or with the requirements of the Civil Local Rules and Federal Rules of Civil Procedure, this action will be subject to dismissal pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2), and/or 41(b).**

Moreover, Civil Local Rule 83.11 states that any person appearing pro se is bound by the court's local rules and the Federal Rules of Civil Procedure, and that the failure to comply with these rules may be ground for dismissal or judgment by default. S.D. Cal. Civ. R. 83.11(a). This rule also provides that "[a] party proceeding pro se must keep the court and opposing parties advised as to current address." Id. R. 83.11(b). If mail sent to a pro se plaintiff by the court "at the plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of the plaintiff's current address, the court may dismiss the action without prejudice for failure to prosecute." Id. Here, mail directed to Dia by the Court was returned by the Post Office and received by the Court on August 21, 2020 [ECF Nos. 37-38]. Sixty days from that date is **October 20, 2020**. The Court **RECOMMENDS** that this action be dismissed pursuant to Civil Local Rule 83.11 if Dia fails to update his address with the Court by that date.

### IV.  CONCLUSION

For the reasons stated above, the Court recommends that Defendants' motion to dismiss be **DENIED**.

This Report and Recommendation will be submitted to the Honorable Roger T. Benitez, United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before October 2, 2020. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before October 13, 2020. The parties are advised that

failure to file objections within the specified time may waive the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 18, 2020

*[signature]*
Hon. Ruben B. Brooks
United States Magistrate Judge