UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IHAB GAMIL DIA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:18-cv-02676-BEN-RBB<br><br>**ORDER**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION; and**<br><br>**(2) DISMISSING ACTION WITHOUT PREJUDICE**<br><br>**[ECF Nos. 33, 43]** |

　　　　This matter comes before the Court on a Motion for Terminating Sanctions filed by Defendants the County of San Diego, Sean Gallagher, and Jason Ferguson. ECF No. 33. The Court referred the Motion to Magistrate Judge Ruben B. Brooks for a Report and Recommendation. ECF No. 34. As set forth below, the Report and Recommendation is **adopted** and the Motion is **denied**. However, due to continuing non-compliance with Orders of this Court, Plaintiff Ihab Gamil Dia's Complaint is **dismissed without prejudice**.

I.　　**Factual and Procedural History**

　　　　On November 26, 2018, Dia filed a Complaint against Defendants alleging violations of 42 U.S.C. § 1983. ECF No. 1. Dia was represented by counsel, but later his

attorney requested to withdraw.  ECF No. 16.  The Court granted the Motion to Withdraw on August 2, 2019, and allowed Dia forty-five days to obtain new counsel, after which Dia would be deemed to proceed *pro se*.  ECF No. 19.

Dia did not obtain new counsel but continued to appear at Settlement Conferences with Magistrate Judge Ruben B. Brooks on November 13, 2019, January 15, 2020, and May 19, 2020.  The Parties requested an extension of the deadlines for the scheduling Order citing, among other reasons, Dia's incarceration at the time and his poor health.  On June 18, 2020, Magistrate Judge Brooks granted the extension in part and issued an amended Scheduling Order.  ECF No. 31.  Dia sent a supplemental document the following day stating that he remained unable to pursue his case due to physical and mental health impairments.  ECF No. 32.

On July 28, 2020, Defendants filed a Motion for Terminating Sanctions arguing that Dia's failure to prosecute the case and requested delays caused them prejudice warranting dismissal pursuant to Federal Rules of Civil Procedure 16, 37, and 41.  ECF No. 33.  The Motion was referred to Magistrate Judge Brooks for a Report and Recommendation.  ECF No. 34.  Magistrate Judge Brooks set a briefing schedule for the Motion and held another Settlement Conference, at which Dia failed to appear.  ECF Nos. 35, 36.  Magistrate Judge Brooks noted that Defendants' counsel indicated that Dia was released from custody on July 22, 2020.  ECF No. 36.

Dia failed to file any pleadings in accordance with the briefing schedule outlined by Magistrate Judge Brooks.  Nonetheless, Magistrate Judge Brooks issued a thoughtful and thorough Report and Recommendation analyzing the five factors set forth in *Malone v. U.S. Postal Service* for determining whether dismissal is appropriate when a party fails to comply with court orders.  833 F.2d 128, 130 (9th Cir. 1987).  Magistrate Judge Brooks recommended denying Defendants' Motion because the fifth factor, the availability of less drastic sanctions, was still available at that time.  ECF No. 43, 8.  Magistrate Judge Brooks cautioned Dia, however, that his "case is hanging by a thread." *Id*.  He reminded Dia that he "cannot continue to disregard the Court's orders and

Defendants' efforts to litigate this case." *Id*. The time for objections to the Report and Recommendation has since lapsed, and neither Party filed an objection.

## II.    Legal Standards

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine *de novo* any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

Federal Rule of Civil Procedure 16(f) provides "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (A) fails to appear at a scheduling or other pretrial conference . . . or (C) fails to obey a scheduling or other pretrial order." Federal Rule of Civil Procedure 37(b)(2)(A) provides that if a party "fails to obey an order to provide or permit discovery," the Court may "dismiss[] the action or proceeding in whole or in part." The five factors considered by a court in ordering dismissal as a terminating sanction are thoroughly described in the Report and Recommendation. *See* ECF No. 43, 5 (citing *Malone*, 833 F.2d at 130. While "dismissal for lack of prosecution is a harsh penalty and is to be imposed only in extreme circumstances," dismissal may be supported "by a showing of unreasonable delay." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citations omitted).

Local Civil Rule 83.11(b) requires parties proceeding *pro se* to "keep the court and opposing parties advised as to current address." It provides that if "mail directed to a *pro se* plaintiff by the clerk at the plaintiff's last designated address is returned by the Post

Office, *and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of the plaintiff's current address, the court may dismiss the action without prejudice for failure to prosecute.*" *Id.* (emphasis added).

### III.  Analysis

The Court need not conduct *de novo* review of the Report and Recommendation given the absence of objections.  The Court has considered and agrees with the Report and Recommendation (ECF No. 43) and accordingly **adopts** it.  Defendants' Motion to Dismiss (ECF No. 33) is **denied**.  However, in the time since the Report and Recommendation was issued Dia has persisted in non-compliance with court orders and thus the fifth *Malone* factor now weighs strongly in favor of dismissal.

On August 12, 2020, Magistrate Judge Brooks directed a copy of his order setting a further Settlement Conference be sent to both Dia's current docket address at the George Bailey Detention Facility and the address Dia used prior to his incarceration. ECF No. 36.  The Order further admonished Dia that Local Civil Rule 83.11(b) requires him to keep the Court and opposing parties advised of his current address.  *Id*.  The Order was returned undeliverable.  ECF No. 40.

On September 10, 2020, Magistrate Judge Brooks held a telephonic Settlement Conference at which Dia failed to appear.  ECF No. 41.  Following the Settlement Conference, Magistrate Judge Brooks again set a Settlement Conference for October 6, 2020, and directed the Order be served on Dia at both the George Bailey Detention Facility and the address he used prior to his incarceration.  *Id*.  The Order was again returned undeliverable.  ECF No. 45.  Magistrate Judge Brooks also issued an Order to Show Cause, requiring Dia to file a response by September 22, 2020, to explain "why sanctions, including dismissal of this action, should not be imposed," and to appear telephonically at the Settlement Conference on October 6, 2020.  ECF No. 42.

Despite Magistrate Judge Brooks' Order to Show Cause, Dia failed to respond to the Order or to appear at the Settlement Conference.  ECF No. 47.  Magistrate Judge Brooks set a further Settlement Conference for November 4, 2020 and directed a copy of

the Order be sent to Dia at both of his known addresses discussed above.  That Order, once again, was returned as undeliverable.  ECF No. 49.  On November 4, 2020, Dia once again failed to appear for the Settlement Conference.  ECF No. 50.

The Post Office first returned as undeliverable mail intended for Dia at his last designated addresses on August 21, 2020.  ECF Nos. 37-38.  Since that point, all mail intended for Dia sent by the Court has been returned undeliverable.  *See* ECF Nos. 39-40, 44-46, 49.  More than sixty days have elapsed.

Dia has been warned on several occasions that his failure to participate in telephonic Settlement Conferences could be grounds for dismissal of his action.  *See* ECF Nos. 41-42, 47.  His continued non-compliance with orders is causing an unreasonable delay in this case.  The delay flouts the public's interest in the expedient resolution of litigation and prevents the Court from controlling its docket.  It has caused prejudice to Defendants' ability to timely defend this case.  Lesser sanctions such as warnings have proved inadequate, and the Court concludes that other alternative sanctions such as fines or preclusion of claims or defenses would be futile.

The Court finds that Local Rule 83.11(b) provides Dia notice that actions including dismissal without prejudice may be taken if he failed to update his address with the Court.  *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (finding a similar local rule requiring parties appearing *pro se* to maintain an updated address "itself provided notice" of the dismissal action taken by the court).  Moreover, "additional prior notice of imminent dismissal would be a futile gesture," given Dia's previous non-compliance and that the Court's prior mailings have all been returned as undeliverable.  *Id*.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."  *Id*.

Accordingly, the Court now finds dismissal without prejudice is appropriate.

///

///

///

**IV.     Conclusion**

For the reasons set forth above, the Court **adopts** the Report and Recommendation. ECF No. 43.  Defendants' Motion for Terminating Sanctions is therefore **denied**.  ECF No. 33.  However, Plaintiff's continued non-compliance with Orders of this Court warrants **dismissal of this case without prejudice**.

**IT IS SO ORDERED.**

Date: November 9, 2020

_____
HON. ROGER T. BENITEZ
United States District Judge